MEMORANDUM ***
The parties are familiar with the facts of this ease, so we do not repeat them here.
Nancy Reilly appeals the district court’s directed verdict against her pursuant to Rule 50 of the Federal Rules of Civil Procedure. There are two claims at issue: (1) constructive discharge arising out of a hostile work environment based on Reilly’s gender, and (2) intentional infliction of emotional distress. We affirm.
The evidence simply does not support Reilly’s claim that the so-called “scalpel incident” was orchestrated by her superiors to coincide with Reilly’s shift as yard lieutenant at High Desert State Prison. Even if there is a genuine dispute about whether Dr. Chase was ever authorized to perform a systems check, there is no evidence of a conspiracy to have the systems check performed on Reilly’s loatch. Once the scalpel incident drops out of consideration, there is insufficient evidence that Reilly was subject to discriminatory working conditions based upon her gender.
A plaintiff who advances a constructive discharge claim based upon a hostile environment “must show working conditions so intolerable that a reasonable person would have felt compelled to resign.” Penn. State Police v. Suders, 542 U.S. 129, 147, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004). A constructive discharge occurs “when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood.... ” Poland v. Chertoff, 494 F.3d 1174, 1184 (9th Cir.2007) (quoting Brooks v. City of San Mateo, 229 F.3d 917, 930 (9th Cir.2000)). The district court correctly applied these legal standards when it ruled after hearing all of Reilly’s evidence that a directed verdict was appropriate.
Reilly’s claim for intentional infliction of emotional distress fails for the same reason her constructive discharge claim fails. There is insufficient evidence of extreme or outrageous conduct, or of requisite intent.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.